IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SHARON JOHNSON,** | ) | **CASE NO. 1:07 CV 1610** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **CLEVELAND CITY SCHOOL DISTRICT,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **Defendants.** | ) | **AND ORDER** |

This matter is before the Court upon the Partial Motion for Judgment on the Pleadings filed by Defendant, Cleveland City School District (Docket #37). The School District moves the Court for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), arguing that the Court lacks subject matter jurisdiction over Plaintiff's Breach of Contract Claim (Plaintiff's Third Cause of Action).

### Factual and Procedural Background

Plaintiff filed this action on May 31, 2007, in the Cuyahoga County Court of Common Pleas and subsequently amended her Complaint on September 6, 2007, adding additional Defendants and an additional cause of action. Plaintiff alleges that she was discriminated and/or retaliated against by the School District in violation of the Americans with Disabilities Act and Ohio Law. In addition, Plaintiff raises claims for breach of contract; emotional distress; and,

raises a claim against her supervisors under Ohio statutory law.

On December 10, 2007, the School District filed its Partial Motion for Judgment on the Pleadings relative to Plaintiff's Third Cause of Action, breach of contract, only. The School District asserts that this Court lacks subject matter jurisdiction because Plaintiff's breach of contract claim is subject to the grievance procedures outlined in the Collective Bargaining Agreement to which Plaintiff, an employee and member of the Union) and the District are parties. In addition, the School District argues that Plaintiff's failure to attach the relevant contract to the complaint subjects her breach of contract claim to dismissal by the court.

On January 9, 2008, Plaintiff filed her Response to Defendant's Partial Motion for Judgment on the Pleadings (Docket #45). Plaintiff argues that the contract at issue is not the Collective Bargaining Agreement between the parties, but rather a "continuing contract" for the 2007-2008 school year, setting forth Plaintiff's salary of $71,551.00. Plaintiff states that she was not paid and that the School District refused to employ her in any capacity despite her applications for a number of positions. In arguing that the grievance procedures set forth in the Collective Bargaining Agreement do not apply to her breach of contract claim, Plaintiff notes that the contract setting forth her salary terms does not contain an arbitration or grievance procedure. Finally, Plaintiff argues that the School District's failure to file a motion for a more definite statement defeats the argument that Plaintiff's failure to attach the relevant contract to her Complaint is fatal.

On January 18, 2008, the School District filed its Reply Brief (Docket #46). The School District reasserts its position that Plaintiff's breach of contract claim should be dismissed because it is subject to the grievance/arbitration procedure set forth in the Collective Bargaining

Agreement. The School District addresses the exhibits attached to Plaintiff's Response Brief, arguing that the documents are nothing more than correspondence between the School District and Plaintiff about the possibility of her teaching in the 2007-2008 school year and her application for a teaching position. Further, The School District reiterates its argument that the failure to attach the Collective Bargaining Agreement to the Complaint or Amended Complaint requires dismissal of Plaintiff's breach of contract claim.

## Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "after the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings." The standard of review used by a district court to rule on motion for judgment on the pleadings is the same as the standard used to rule on Rule 12(b)(6) motions. *See Gindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is,"[f]actual allegations must be enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). The Court may examine the Collective Bargaining Agreement between the Parties. *See Sherman v. Burkholder*, No. 66600, 1994 Ohio App. LEXIS 5658 (8th Dist. Dec. 15. 1994).

In addition to the above, Federal Rule of Civil Procedure 12(h)(3) provides "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

### Discussion

Plaintiff, as a member of the Cleveland Teachers Union, is party to the Collective Bargaining Agreement negotiated by the Cleveland Municipal School District and the Cleveland Teachers Union pursuant to the Ohio Public Employee Collective Bargaining Act (Ohio Rev. Code Chapter 4117). Ohio Rev. Code § 4117.09 provides that a collective bargaining agreement should provide for a grievance procedure which may culminate with final and binding arbitration of unsolved grievances and disputed interpretations of agreements. In addition, Ohio Rev. Code § 4117.10(A) provides, in part, as follows:

An agreement between a public employer and an exclusive representative entered into pursuant to this chapter, governs the wages, hours and terms and conditions of public employment covered by the agreement. If the agreement provides for a final and binding arbitration of grievances, public employers, employees, and employer organizations are subject solely to that grievance procedure . . .

Article 6 of the Collective Bargaining Agreement in this case, entitled Problem Resolution, Grievance Procedure and Time Limits, states, in pertinent part, as follows:

Section 5. Grievance Procedure/Timelines. A grievance is any matter concerning the interpretation, application, or alleged violation of any currently effective Agreement between the District and the CTU, or which alleges any employee represented by the Union has been discharged or disciplined without just cause, or has been treated unfairly or in a discriminatory manner . . .

Article 6 continues, setting forth a grievance procedure, the final step of which calls for binding arbitration.

In her Response Brief, Plaintiff argues that her breach of contract claim is not the result of a breach of the Collective Bargaining Agreement introduced by the School District, but instead the breach of a "Salary Notice to Teacher on a Continuing Contract" for the 2007-2008 school year, issued by the School District Human Resources Department, bearing the signature of the CFO of the Cleveland Municipal School District. Plaintiff asserts that under the contract described above, the School District promised to employ her at a rate of $71,551.00 per year, did not do so, and, refused to employ her in any capacity despite her applications for a number of positions. Plaintiff argues that no arbitration or grievance procedure was mentioned and, therefore, the Collective Bargaining Agreement and related Ohio statutes do not apply to her breach of contract claim.

The Court does not find Plaintiff's argument to be persuasive. The Collective Bargaining Agreement states that a grievance is "any matter . . . which alleges any employee represented by the Union . . . has been treated unfairly or in a discriminatory manner." As set forth in Plaintiff's Amended Complaint and described in her Response Brief, Plaintiff's breach of contract claim

-5-

rests upon the assertion that Plaintiff, an employee represented by the Union, was treated unfairly by the School District. As a member of the Union, Plaintiff was bound to follow the grievance procedure set forth in the Collective Bargaining Agreement and, therefore, this Court lacks subject matter jurisdiction over her breach of contract claim.

### Conclusion

This Court lacks subject matter jurisdiction over Plaintiff's breach of contract claim, Plaintiff's Third Cause of Action. Accordingly, the School District's Motion for Judgment on the Pleadings (Docket #37) is hereby GRANTED and Plaintiff's Third Cause of Action, alleging breach of contract, is hereby DISMISSED.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: February 7, 2008

-6-